PER CURIAM:
We have reconsidered the judgment which was rendered in this case, and have concluded that it correctly disposes of the issues presented. Plaintiff’s application for a rehearing, therefore, will be denied. In this application for rehearing, however, a new issue has been raised which we think §hould be discussed.
Plaintiff argues now that~the provision in the “Settlement of Community” agreement to the effect that the United States Savings Bonds shall be held in trust for said children by defendant is “so vague and indefinite as to be impossible of administration.” She points out that although a fiduciary relationship exists between defendant and the children there are no provisions in that agreement which require him to administer the bonds or funds in his possession for the benefit of the minors. The agreement does not even specify the length of time during which defendant is to retain possession of the bonds. She argues that the laws of this state relating to tutorships and trusts indicate an intent on the part of the legislature to require the prudent administration of funds or property belonging to minors.
It is true that the Settlement of Community Agreement is silent as to the length of time the bonds are to remain in the custody of defendant, and as to how they are to be kept and administered. The parties have testified, however, that the bonds were donated to the minors and are being held by defendant “for the education of the children.” A fiduciary relationship exists between the defendant and the children, therefore, and in the absence of any other applicable laws on agreements the 'court may impose such requirements as may become necessary from time to time to insure the faithful administration of the securities belonging to the minors.
We have concluded that the condition imposed on the donation, that is that the bonds remain in the custody of defendant, is a valid condition, even though there was no compliance with the Louisiana Trust Code (LSA-R.S. 9:2061 et seq.) or the Louisiana Gifts to Minors Act (LSA-R.S. 9:736 et seq.). If we annulled the condition then we feel that the donation itself also would have have to be annulled. It would be inconsistent with the purpose of the donation and the fiduciary relationship which exists, however, to permit defendant to retain custody of the securities indefinitely, because that would defeat the very purpose of the donation, that is “for the education of the children.” Also, consistent with the obvious intent of the donors and the purpose of the donation, at some point in the life of each child all of the remaining bonds owned by him should be surrendered to him. Otherwise, his ownership of the bonds would be empty and of no effect.
In this proceeding the only relief sought by plaintiff is a judgment (1) annulling that portion of the Settlement of Community Agreement which provides that the bonds are to be held in trust for the children by defendant, and (2) ordering defendant to deliver all of these bonds to plaintiff. We are convinced that plaintiff is not entitled to that relief on the showing made here. In other appropriate proceedings, however, and upon proof that it is necessary that some of the bonds be surrendered or cashed to provide for the educational or other needs of the minors, then that type of relief may be granted. We thus make it clear now that the judgment which we have rendered in this proceeding is not intended to preclude other *125 proper demands by plaintiff, in her capacity as tutrix, for such bonds as are needed, or demands for possession by the owners of the bonds after they reach the age of majority.
The application for rehearing filed by plaintiff is denied.